IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:09-cr-00056 |
| v.   ) | |
| ) | By:  Elizabeth K. Dillon |
| RANDOLPH WINNANS, JR.  ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Randolph Winnans' motion for early termination of supervised release (Dkt. No. 31), which the Probation Office opposes. No hearing was requested, and the court finds that one is not necessary to resolve Winnans' motion, which will be denied.

I.  BACKGROUND

In 2003, Winnans engaged in online enticement with undercover officers posing as teenage girls, and he was found to be in possession of thousands of images of child pornography. (PSR, Dkt. No. 24.) On October 5, 2009, Winnans pled guilty to a one-count information that charged him with possession of child pornography. (Plea Agreement, Dkt. No. 8.)

On January 7, 2010, the court held a sentencing hearing. The guideline sentence was 120 months' incarceration; however, the court accepted a binding plea agreement with a downward departure and sentenced Winnans to 60 months' incarceration with a 15-year term of supervised release. (Am. Judg., Dkt. No. 22.)

Winnans was released from prison on March 13, 2014, and he is now 61 years old. He has been on supervised release for over 8 years, representing approximately 55% of his supervised release term. On March 22, 2022, via a letter to the court, Winnans moved for early termination of his remaining supervised release term. (Dkt. No. 31.) Probation opposes

Winnans' request for early termination of supervised release based on Winnans' conduct since he submitted his motion.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

In support of his motion, Winnans states that he has complied with the conditions of supervised release and with law enforcement, resulting in no violations since he was released from incarceration. He has completed a sex offender therapy program and received treatment for

alcoholism. Finally, Winnans notes that he has been gainfully employed and has a strong support system consisting of family, friends, and church members.

Looking at the § 3553 sentencing factors, the court believes that the factors weigh against granting Winnans' motion for early termination of supervised release. First, as noted in the Presentence Investigation Report, Winnans was held responsible for over 2,000 images of child pornography, including images depicting grotesque sexual violence to prepubescent children. The nature and circumstances of Winnans' offense weigh against early termination. Second, while Winnans contentions about his compliance with supervised release, participation in treatment, and his gainful employment reflect positively on his history and characteristics, the probation office indicated that, since the filing of his motion, Winnans has engaged in conduct that required him to be put back in a treatment program. This need for continuing treatment weighs heavily against early release. Third, Winnans has only completed a little over half of his original 15-year supervised release term, which also weighs against early termination. Based on these factors, the court finds that there is still a need for deterrence and to protect the public.

### III. CONCLUSION

For the foregoing reasons, Winnans' motion for early termination of supervised release (Dkt. No. 31) will be denied. The court will issue an appropriate order.

Entered: July 12, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge